In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-107 CR


NO. 09-06-108 CR


____________________



JERRY HANNAH, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 75th District Court


Liberty County, Texas


Trial Cause Nos. 22,125 and 22,126 






MEMORANDUM OPINION


 In two separate proceedings before the trial court, appellant Jerry Hannah pled nolo
contendere to indecency with a child and aggravated sexual assault of a child. Pursuant to
plea bargains, the trial court sentenced Hannah to eight years of imprisonment and a
$1,500.00 fine in each case. Hannah filed a pro se motion seeking post-conviction DNA
testing in both cases. The trial court denied Hannah's motion. In its order denying the
motion, the trial court found that "Applicant's Motion does not follow the guidelines of
Article 64.01 of the Texas Code of Criminal Procedure[.]" Hannah then filed these appeals,
in which he contends the trial court abused its discretion by denying his motions for post-conviction DNA testing. (1) We affirm.

 The State contends this Court lacks jurisdiction of Hannah's appeals because the trial
court's order denying Hannah's motion for DNA testing was signed on January 6, 2006, but
Hannah did not file his notices of appeal until February 10, 2006. See Tex. R. App. P.
26.2(a)(1). The record reflects that on January 4, 2006, Hannah mailed his notices of appeal,
albeit to the clerk of the First Court of Appeals rather than the clerk of the trial court. 
However, because the trial court clerk received Hannah's notices of appeal within ten days
of the due date, we find that we have jurisdiction over these appeals. See Tex. R. App. P.
9.2(b); Tex. R. App. P. 25.2(c)(1).

 Article 64.01(a) of the Texas Code of Criminal Procedure provides as follows: "A
convicted person may submit to the convicting court a motion for forensic DNA testing of
evidence containing biological material. The motion must be accompanied by an affidavit,
sworn to by the convicted person, containing statements of fact in support of the motion." 
Tex. Code Crim. Proc. Ann. art. 64.01(a) (Vernon 2006). Here, Hannah's application for
post-conviction DNA testing did not include an affidavit, sworn to by Hannah, that identified
the biological material to be tested. See id. Therefore, the trial court did not abuse its
discretion by denying Hannah's motion for post-conviction DNA testing. We overrule
Hannah's sole issue and affirm the trial court's judgment.

 AFFIRMED.



 

 STEVE McKEITHEN

 Chief Justice


Submitted on December 7, 2006

Opinion Delivered January 31, 2007

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ. 



1. After Hannah filed pro se briefs, appellate counsel was appointed to represent him
in these appeals. Appellate counsel subsequently filed a brief on the merits for both appeals
on Hannah's behalf. Therefore, we will consider only the brief filed by Hannah's counsel.
See generally Landers v. State, 550 S.W.2d 272, 278 (Tex. Crim. App. 1977) (There is no
right to hybrid representation in Texas.).